Mr. George Butler Washington County Attorney 280 North College Avenue, Suite 100 Fayetteville, Arkansas 72701
Dear Mr. Butler:
I am writing in response to your request, pursuant to A.C.A. §25-19-105(c)(3)(B), for an opinion on the release of certain records maintained by the Washington County Sheriff's Office. Specifically, you have enclosed information with your request that indicates a newspaper reporter made a "Freedom of Information Act" ("FOIA") request dated January 8, 2002 for information[1] "regarding disciplinary action taken against three Washington County sheriff's deputies assigned to the Washington County Jail." The reporter alleges that: "Two deputies were demoted and suspended following separate internal investigations about missing money from the jail, and also allegations that a female prisoner performed lewd acts in front of a security camera in exchange for candy." You responded on behalf of the County, denying access to the requested records, by stating the following:
 I have discussed this matter with the Sheriff and cannot authorize release of the requested information for the following reasons:
 1. There are two (2) separate internal investigations, neither of which are complete; the disciplinary actions you refer to are an integral part of one of these ongoing investigation [sic].
 2. Even without the internal investigation, there are privacy concerns; pursuant to Ark. Code Ann. 25-19-105, I am required to notify the parties concerned of your request and submit such to the AG for his opinion.[2]
My statutory duty is to determine whether your decision on behalf of the custodian is "consistent with" the Arkansas FOIA.
RESPONSE
I have not been provided with the records in question. I cannot, therefore, come to any definitive conclusions about their public nature. I have set out below, however, the applicable analysis that should be applied to determine the status of the records in question.
It is my understanding that three officers have indeed been "suspended/demoted." It is also my understanding that there are no administrative appeals of these decisions pending and the time to file any such appeals has run. In my opinion, to the extent the Sheriff's office is in possession of disciplinary records that form a basis for these actions, the records are properly classified as "job performance" records for purposes of the FOIA. Such records are subject to disclosure under the FOIA only upon:
 . . . final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure.
A.C.A. § 25-19-105(c)(1) (Supp. 2001).
It appears that the records would ordinarily be subject to disclosure under the test for the release of "employee evaluation or job performance records." You indicate that three officers have been "suspended/demoted." A suspension is required as to each officer to trigger the release of that officer's job performance records. If each of the officers has been "suspended," then the first prong of the test is met with regard to each of the officers' records. You indicate that there are no administrative appeals pending and the time to file any such appeals has expired. There therefore appears to be a "final administrative resolution" of the disciplinary actions as required by the statute. If there are records that formed a basis for the action, in my opinion a compelling public interest in disclosure is present. See e.g., Ops. Att'y. Gen. 93-055
(misappropriation of public funds gives rise to a compelling public interest); 95-204 (sexual misconduct on part of community punishment employee with female inmate gives rise to "compelling public interest").
You have also stated, however, that an ongoing criminal investigation is pending with regard to at least some of the subject matter. It has been stated that "[r]ecords in a personnel file that might not fall within the specific FOIA exemptions for personnel records and employee evaluation materials should be exempt if they are being used in connected with an ongoing criminal investigation." See Watkins, "The Arkansas Freedom ofInformation Act" (mm Press 1998) at 97, citing Opinion 93-055. Seealso, Ops. Att'y. Gen. 97-079; 96-005; 95-351; 93-356B; and 93-300.
I am uncertain exactly to what extent an ongoing law enforcement investigation is pending with regard to both separate incidents mentioned above. The so-called "law enforcement" exception pertains only tocriminal investigations. It does not shield records pertaining to an ongoing "internal" investigation unless the investigation is also of "suspected criminal activity." In addition, the records must be "sufficiently investigative" in nature to qualify for the exemption. Seee.g. Op. Att'y. Gen. 90-292.
Again, I have not seen the actual records and cannot comment definitively on the availability of the "law enforcement" exception to the facts at hand. If there is an ongoing law enforcement investigation of suspectedcriminal activity and the responsive records are sufficiently investigative in nature, the records may be withheld from disclosure until such time as the criminal investigation is closed, even if they also constitute "employee evaluation or job performance records." It appears, however, that there are two separate "internal" investigations, presumably over the two separate incidents mentioned above. If an internal investigation is being conducted for personnel action alone, and not for possible criminal charges, the A.C.A. § 25-19-105(b)(6) exemption is inapplicable. The existence of an ongoing criminal investigation is a question of fact, however, to be determined on the facts of each case.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] It should be noted, despite the wording of this request, that the Arkansas FOIA grants access to records, not "information."
[2] It should be noted, contrary to your statement, that submission of the matter to my office is optional and is in no way required by A.C.A. § 25-19-105 (c)(3)(B)(i).